State v. Lyles

STATE OF NORTH CAROLINA v. JOHN DAVID LYLES

No. 7018SC490

(Filed 16 September 1970)

1. Criminal Law § 166— abandonment of assignments of error
   Assignments of error not set out in the brief are deemed abandoned.

2. Robbery § 5— instructions — elements of armed robbery and common law robbery
   In this armed robbery prosecution wherein the lesser offense of common law robbery was also submitted to the jury, the trial court adequately distinguished the two offenses and charged the jury as to the elements necessary for conviction on either of the two charges.

3. Robbery § 5— instructions — armed robbery — amount of force — firearm or other dangerous weapon
   In this armed robbery prosecution, the trial court did not lead the jury to believe that it could return a verdict of guilty of armed robbery upon a finding that the force used was sufficient to create an apprehension of danger or to induce the victim to surrender his property, where the court listed the elements of common law robbery and armed robbery, and then stated that, in addition, for conviction of armed robbery, the life of the victim must be endangered or threatened with the use or threatened use of a firearm or other dangerous weapon.

APPEAL by defendant from *Collier, J.,* 20 March 1970 Session, GUILFORD Superior Court.

The defendant was charged in a warrant with armed robbery. The State's evidence tended to show that on 17 December 1969 the defendant approached Mr. James F. Jones, the store

manager, exhibited what appeared to be the barrel of a small-caliber pistol, and demanded the contents of the cash register. The State's evidence further tended to show that the defendant thereby obtained approximately $111.00 and departed.

The defendant presented no evidence. The court charged the jury with regard to armed robbery and the lesser included offense of common law robbery. From a verdict of guilty of armed robbery and a judgment of imprisonment entered thereupon, the defendant appealed to this Court.

*Attorney General Morgan, by Staff Attorney Blackburn, for the State.*

*D. Lamar Dowda, Assistant Public Defender, Eighteenth Judicial District, for defendant.*

BROCK, J.

[1] Appellant's exceptions grouped under assignments of error Nos. 2 and 5 are not set out in his brief; therefore, they are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

[2] Appellant assigns as error that the court erred in its charge to the jury by failing adequately to distinguish armed robbery from common law robbery and to charge the jury as to the elements necessary for conviction on either of the two charges.

The trial judge listed the elements of common law robbery as being applicable to both armed robbery and common law robbery. He then stated the additional element required for conviction of armed robbery, to wit, that the life of the person from whom the property is taken is endangered or threatened with the use or threatened use of any firearm or other dangerous weapon. These instructions clearly distinguish the two charges.

[3] Appellant further assigns as error that the court, in charging as to the force or threatened force necessary to constitute robbery, led the jury to believe that it could return a verdict of guilty of armed robbery upon a finding that the force used was sufficient to create an apprehension of danger or to induce the victim to surrender his property to avoid apprehended injury. However close reading of the trial court's charge demonstrates that the jury was instructed, in substance, that at least such force or threatened force must be found as would reason-

ably subject the victim to an apprehension of danger, in order to support a conviction of either common law robbery or armed robbery, and that, *in addition,* for conviction of armed robbery, the life of the victim must be endangered or threatened with the use or threatened use of a firearm or other dangerous weapon. The cases cited by appellant dealing with "conflicting instructions" are not in point.

No Error.

MORRIS and GRAHAM, JJ., concur.